## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | **Filed / Docketed**<br>**October 1, 2008** |
| CARLA DIANE KELLER, | Case No. 07-11456-M |
| Debtor. | Chapter 7 |

| | |
|---|---|
| CARLA DIANE KELLER, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-01134-M |
| THE UNITED STATES OF AMERICA, *ex rel.* INTERNAL REVENUE SERVICE, and THE STATE OF OKLAHOMA, *ex rel.* OKLAHOMA TAX COMMISSION, | |
| Defendants. | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Motion for Summary Judgment and Brief in Support (the "Motion")[1] filed September 3, 2008, by the State of Oklahoma, *ex rel.* Oklahoma Tax Commission (the "OTC"). Carla Diane Keller, the Plaintiff herein ("Plaintiff" or "Debtor") has failed to respond to the Motion. At issue is whether a tax obligation owed to the OTC by the Debtor should be excepted from discharge pursuant to § 523(a)(1)(B)(i) of the Bankruptcy Code.[2] On the basis of the properly supported facts alleged in the Motion, the Court finds that summary judgment is appropriate.

---

[1] *Docket No. 13.*

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

**Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  "[W]here the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."[4]  It is well established that

> [i]n reviewing a summary judgment motion, the court is to view the record in the light most favorable to the nonmoving party.  The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims.  Unsupported conclusory allegations thus do not create a genuine issue of fact.  To withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.[5]

Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[6]

---

[3]  Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bank. P. 7056.

[4]  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487-88 (1984)).

[5]  *Kojima v. Grandote Int'l Ltd. Liab. Co. (In re Grandote Country Club Co.)*, 252 F.3d 1146, 1149-50 (10th Cir. 2001) (internal quotes and citations omitted).

[6]  *Matsushita Elec. Indus. Co.  v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## Burden of Proof

Exceptions to discharge are to be narrowly construed in favor of the debtor so as to promote the "fresh start" policy of the Bankruptcy Code.[7]  Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[8]

## Effect of the Defendant's Failure to Respond

Federal Rule of Civil Procedure 56(e)(2), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, states that

> *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.[9]

Consistent with the national rule, our Local Rules provide that "[a]ll properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material."[10]  The purpose of these rules are self-evident: by compelling the parties to specifically identify disputed factual issues, and by requiring a showing of some sort of evidentiary basis for the dispute, the Court is able to readily discern what is truly at issue, and resolve motions for summary judgment with greater efficiency.  As a result of Debtor's failure to respond to the Motion, the factual allegations made therein are deemed established.

---

[7]  *See Jones v. Jones (In re Jones),* 9 F.3d 878, 880 (10th Cir. 1993).

[8]  *Id.* (*citing Grogan v. Garner,* 498 U.S. 279, 291 (1991)).

[9]  Fed. R. Civ. P. 56(e)(2).

[10]  Bankr. N.D. Okla. LR 7056-1(B).

**Findings of Fact**

The Court finds the following facts are undisputed for purposes of the Motion:

1.      As of this date the Debtor has not filed a state income tax return for the tax years of

1994 and 1995.[11]

2.      Based upon the failure of the Debtor to file a state income tax return for the tax year

of 1994, the OTC assessed the Debtor for the total amount of $39,366.62.  The

assessed amount was computed from information received by the Internal Revenue

Service.  An assessment letter regarding this tax was sent by the OTC to the Debtor

on December 29, 2000.[12] According to the records of the OTC the Debtor never

responded to the assessment letter dated December 29, 2000, by either filing a state

income tax return for 1994 or providing information to the OTC that she was not

required to file.

3.      Based upon the failure of the Debtor to file a state income tax return for the tax year

of 1995, the OTC assessed the Debtor for the total amount of $9,298.83.[13]  The

assessed amount was computed from information received by the Internal Revenue

Service.  An assessment letter regarding this tax was sent by the OTC to the Debtor

on December 29, 2000.[14] According to the records of the OTC the Debtor never

responded to the assessment letter dated December 29, 2000, by either filing a state

---

[11]  Affidavit of Paula Willrath, attached to *Motion.*

[12]  *Motion,* Exhibit "A".

[13]  *Motion,* Exhibit "B".

[14]  *Id.*

income tax return for 1995 or providing information to the OTC that she was not required to file.

4.     According to additional information provided by the Internal Revenue Service to the OTC the Debtor was assessed additional tax for the tax year of 1996 in the total amount of $7,372.29.[15] An assessment letter regarding this tax was sent by the OTC to the Debtor on May 28, 2001.[16] According to the records of the OTC the Debtor never responded to the assessment letter dated May 28, 2001, by filing a protest with the OTC or filing an amended income tax return for 1996(AS).[17]

5.     According to additional information provided by the Internal Revenue Service to the OTC the Debtor was assessed additional tax for the tax year of 1997 in the total amount of $16,770.64.[18] An assessment letter regarding this tax was sent by the OTC to the Debtor on May 28, 2001.[19] According to the records of the OTC the Debtor never responded to the assessment letter dated May 28, 2001, by filing a protest with the OTC or filing an amended income tax return for 1997(AS).[20]

---

[15] *Motion,* Exhibit "C".

[16] *Id.*

[17] Affidavit of Paula Willrath, attached to *Motion.*

[18] *Motion,* Exhibit "D".

[19] *Id.*

[20] Affidavit of Paula Willrath, attached to *Motion.*

5

**Conclusions of Law**

The OTC relies upon § 523(a)(1)(B)(i) of the Code, which provides that

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

    (1) for a tax or a customs duty—

            *       *       *

        (B) with respect to which a return, or equivalent report or notice, if required—

            (i) was not filed or given[.][21]

Since there is no issue of fact that Debtor failed to file a tax return with the OTC for the tax years of 1994 and 1995, taxes for those years are not subject to discharge. Under Oklahoma law, when the State makes an additional assessment of tax based upon a corrected amended federal tax return, the taxpayer is required to file an amended state tax return within one year of the federal tax correction.[22] With respect to the assessments for tax years 1996 and 1997, Debtor never filed an amended return after receiving notice of the additional assessments. Accordingly, the tax liabilities for those years are not discharged.

**Conclusion**

The Motion is granted. The tax debts owed by Debtor to the OTC for tax years 1994, 1995, 1996, and 1997 are non-dischargeable. All penalties assessed with respect to those tax liabilities are

---

[21]   § 523(a)(1)(B)(i).

[22]   Okla. Stat. tit. 68, § 2375(H)(2) (West 1996); *In re O'Carroll*, 952 P.2d 45, 49 n.8 (Okla. 1998) ("The language 'shall file an amended return reporting the corrected net income, or notify the Tax Commission by letter' is a mandatory command to the taxpayer.") (citing *State, ex rel. Macy v. Freeman*, 814 P.2d 147 (Okla. 1991)).

dischargeable.[23]   A  separate  judgment  consistent  with  this  Memorandum  Opinion  is  entered

concurrently herewith.

Dated this 1st day of October, 2008.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5357.1

---

[23] The OTC admitted the dischargeability of any such penalties in the answer that it filed in
this adversary proceeding.  *See Docket No. 6*, at 2, ¶ 6.

7